IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD SMITH,

    Petitioner,

v.                                 CASE NO. 21-3134-SAC

PAUL SNYDER, Warden,
Winfield Correctional Facility,

    Respondent.

## ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Because Petitioner challenges the execution of his sentence, rather than the validity of his conviction, this petition is properly filed pursuant to 28 U.S.C. § 2241. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (stating that petition under § 2241 attacks the execution of a sentence rather than its validity).

The Court entered a Notice of Deficiency finding that Petitioner failed to submit his Petition on the court-approved form and failed to submit the habeas filing fee or a motion for leave to proceed in forma pauperis. The Court granted Petitioner until June 28, 2021, in which to correct the deficiencies. Petitioner has failed to respond to the Notice of Deficiency. The Court finds that this matter must be dismissed without prejudice.

Petitioner raises the same claim regarding the calculation of his sentence that he raised in this Court in *Smith v. Snyder*, Case No. 20-3166-SAC. The Court dismissed that case, finding that Petitioner gave "no indication that he has either exhausted any administrative remedies or presented his claim to any state court." *Id*. at 2. The Court dismissed the petition without prejudice in that case. The Court finds that the Petition in the instant case should be dismissed without prejudice for the same reasons set forth in the Court's June 19, 2020 Memorandum and

Order in Case No. 20-3166-SAC. In addition, Petitioner has failed to comply with the Court's Notice of Deficiency, which provides that failure to comply within the prescribed time may result in dismissal without further notice for failure to comply with the Court's order. (Doc. 2, at 2.)

The rules applicable to proceedings under 28 U.S.C. § 2254 provide that the district court may apply those rules in other habeas matters. *See* Rules Governing Habeas Cases Under § 2254. Rule 11 of those rules, which the Court applies in these § 2241 proceedings, requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id*. at 485.

The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated July 1, 2021, in Topeka, Kansas.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U.S. DISTRICT JUDGE**